13-3186-cv
Pedi v. Government Employees Insurance Company, (GEICO)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June two thousand fourteen.

Present:      ROSEMARY S. POOLER,
              PETER W. HALL,
              SUSAN L. CARNEY,
                      *Circuit Judges.*

_____

David Pedi,

                      *Plaintiff-Appellant*,


              -v-                                          13-3186-cv

Government Employees Insurance Company, (GEICO),
John and Jane Does 1-10, Said names being fictitious,
XYZ Corporations 1-10, Said names being fictitious,

                      *Defendants-Appellees*.[*]

_____

Appearing for Appellant:      Patrick J. Whalen, Trenton, N.J.

Appearing for Appellee:       Barry I. Levy, Rivkin Radler LLP (Cheryl F. Korman, Merril S.
                              Biscone, and Ken Novikoff, *on the brief*), Uniondale, N.Y.


Appeal from the United States District Court for the Southern District of New York (Briccetti, *J.*).

_____

[*] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant David Pedi appeals from a July 31, 2013 judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*), granting defendant-appellee Government Employees Insurance Company's ("GEICO's") motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Pedi asserts that GEICO's termination of his employment was retaliatory in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq.* We review each of Pedi's retaliation claims under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g.*, *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105 n.6, 110 (2d Cir. 2010).

We assume, without deciding, that Pedi sufficiently established a prima facie case of retaliation at this stage of the litigation. We agree with the district court that there is no genuine dispute that GEICO set forth a legitimate, non-discriminatory, non-retaliatory reason for terminating Pedi's employment—namely, his involvement in the matter related to his sister's vehicle, which violated GEICO's code of conduct.

Thus, under the *McDonnell Douglas* framework, the burden shifts back to Pedi to establish a genuine dispute that GEICO's decision to terminate him was, in fact, retaliatory and that GEICO's reliance on Pedi's violation of the company's code of conduct was merely pretext. *See Gorzynski*, 596 F.3d at 106, 110. Pedi has failed to carry that burden here. GEICO's stated preferences for experienced workers, and William Carr's statements related to older workers, are insufficient to create a genuine dispute that Pedi was terminated because of his complaints regarding age discrimination. In addition, the ways in which Carr's deposition testimony varied from the other record evidence does not support the reasonable conclusion that he was trying to cover up for recommending Pedi's termination based on a retaliatory motive. Nor were the other GEICO employees that Pedi claims received better treatment than he similarly situated to Pedi. Finally, the timing of Pedi's termination in relationship to his complaints does not alter our analysis.

We have considered the remainder of Pedi's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2